UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES LOGSDON and BRANDIE LOGSDON,<br><br>                              Plaintiffs,<br><br>     v.<br><br>INSTANT CASH LOANS ON CAR TITLES, INC. dba NORTHWEST TITLE LOANS; CAPITAL SOURCE FINANCE, LLC; SELECT MANAGEMENT RESOURCES, LLC; and ACTION RECOVERY SERVICES, LLC,<br><br>                              Defendants. | NO. 2:17-CV-0281-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT MOTION TO COMPEL ARBITRATION AND DISMISS LITIGATION |

BEFORE THE COURT is Defendants Anderson Financial Services, LLC dba Northwest Title Loans and Select Management Resources, LLC's Joint Motion to Compel Arbitration and Dismiss Litigation. ECF No. 14. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT MOTION TO COMPEL ARBITRATION AND DISMISS LITIGATION ~ 1

Defendants' Joint Motion to Compel Arbitration and Dismiss Litigation (ECF No. 14) is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Plaintiffs Brandie and Jason Logsdon filed their Amended Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; Washington Consumer Protection Act, RCW § 19.86.910 *et seq.*; Uniform Commercial Code; and the Collection Agency Act, RCW § 19.16 *et seq*. ECF No. 10. Plaintiffs also allege breach of contract against Defendant Anderson Financial. *Id.* at ¶¶ 50-53. Defendant Anderson Financial is an Idaho limited liability company and does business under the assumed business name of Northwest Title Loans. ECF No. 14 at ¶ 2. It is a licensed lender in Idaho and does not make any loans in Washington. *Id.* at ¶ 3. Plaintiffs are residents of Spokane County, Washington. *Id.* at ¶ 1.

On April 28, 2016, Plaintiffs traveled to Post Falls, Idaho and executed a Consumer Installment Loan and Security Agreement ("Loan Agreement") in favor of Anderson Financial under which the Plaintiffs promised to pay Anderson Financial the principal amount of $1,831. *Id.* at ¶ 4. Plaintiffs granted Anderson Financial a security interest in their 2001 Dodge Ram 1500, which was registered in Washington. *Id.* at ¶ 5. Plaintiffs never made any payments to Anderson Financial and their vehicle was repossessed and sold at auction. *Id.* at ¶ 6.

1  On May 19, 2017, Plaintiffs filed their initial complaint for wrongful
2  repossession in Spokane County Superior Court. *Id.* at ¶ 7. On August 15, 2017,
3  Defendants filed a notice of removal to this Court. ECF No. 1. In the instant
4  motion, Defendants Anderson Financial Services, LLC dba Northwest Title Loans
5  and Select Management Resources, LLC seek arbitration on all of Plaintiffs'
6  claims. ECF No. 14. Plaintiffs have failed to timely respond. *See* LR
7  7.1(b)(2)(B). Failure to comply with the requirements of LR 7.1(b) "may be
8  deemed consent to the entry of an Order adverse to the party who violates these
9  rules." LR 7.1(d). The Court will now consider the merit of Defendants' Joint
10 Motion to Compel Arbitration and Dismiss Litigation. ECF No. 14.

## DISCUSSION

12  Defendants have moved to compel arbitration of Plaintiffs' claims pursuant
13 to the Federal Arbitration Act (FAA). *Id.* at 5. Any written arbitration provision
14 arising out of a "contract evidencing a transaction involving commerce" is subject
15 to the FAA. 9 U.S.C. § 2. "The FAA provides that any arbitration agreement
16 within its scope 'shall be valid, irrevocable, and enforceable,' … and permits a
17 party 'aggrieved by the alleged … refusal of another to arbitrate' to petition any
18 federal district court for an order compelling arbitration in the manner provided for
19 in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126,
20 1130 (9th Cir. 2000) (quoting 9 U.S.C. § 4); *see also Dean Witter Reynolds, Inc. v.*

*Byrd*, 470 U.S. 213, 218 (1985) (noting the FAA "mandate" that the court "*shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.*"). The FAA reflects "both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal citations and quotations omitted).

In deciding a motion to compel arbitration, the court's role is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp.*, 207 F.3d at 1130. If the court finds that the issue is subject to arbitration under the parties' written agreement for arbitration, the court "shall" stay the proceedings until the arbitration is completed. 9 U.S.C. § 3. Ultimately, the issue of arbitrability "is to be determined by the contract entered into by the parties." *Drake Bakeries, Inc. v. Local 50, Am. Bakery & Confectionary Workers Int'l*, 370 U.S. 254, 256 (1962).

As an initial matter, the Court finds that the applicable law is the FAA because federal law governs the validity and enforceability of an arbitration provision. This case concerns a transaction involving interstate commerce and the arbitration agreement chooses the FAA as its governing law. ECF Nos. 14 at 5; 15-1 at 5 (Ex. A) ("[T]his Arbitration Agreement is governed by the Federal Arbitration Act … and not by any state arbitration law.").

Here, the Loan Agreement between the parties includes an arbitration agreement, stating that "[t]his Arbitration Agreement describes when and how a Claim … arising under or related to this Consumer Installment Loan and Security Agreement … between you and us may be arbitrated."  ECF No. 15-1 at 3.  Defendants insist that Plaintiffs' claims unquestionably fall within the arbitration provision's definition of "Claims."  ECF No. 14 at 9.  The arbitration provision defines "Claim" as meaning "any claim, dispute or controversy between you and us … that in any way arises from or relates to the Loan Agreement …. 'Claim' has the broadest possible meaning …."  ECF Nos. 14 at 9, 15-1 at 4.  The Loan Agreement also states that "Claim" excludes "the exercising of self-help or non-judicial remedies by you or us, for example, our right to enforce our security interest by using self-help."  ECF Nos. 14 at 9; 15-1 at 4.

Defendants assert that the plain language of the arbitration provision shows the parties shared a clear intent to submit all disputes relating to the Loan Agreement to arbitration.  ECF No. 14 at 9.  Defendants emphasize that Plaintiffs' claims arise solely because of the Loan Agreement.  *Id.*  Defendants note that the exemption of self-help remedies, such as repossession, from the definition of "Claim" does not mean that the claims asserted are not subject to arbitration.  *Id.*  The exclusion only applies to the parties' rights to exercise self-help, not to any independent claims that arise out of such exercise of self-help remedies.  *Id.*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT MOTION TO COMPEL ARBITRATION AND DISMISS LITIGATION ~ 5

1  Defendants note that substantially similar provisions have been interpreted in this
2  way by other courts.  *See id.* at 9-10.  Defendants conclude that exempting
3  repossession from arbitration only reserves the parties' rights to pursue self-help
4  instead of submitting a claim for arbitration if they so choose.  Defendants state
5  that it does not have any impact on the arbitrability of claims that are brought
6  arising from the exercise of that self-help right.  *Id.* at 10.
7      The Court finds that this suit should be submitted for arbitration.  First, the
8  Court determines that a valid agreement to arbitrate exists between the parties in
9  the Loan Agreement.  ECF No. 15-1 at 3-5.  Second, the Court finds that the
10 agreement encompasses the dispute at issue.  *See id.* at 4.  The claim here involves
11 the alleged unlawful repossession of Plaintiffs' vehicle due to their failure to pay
12 the principal amount of $1,831 in the Loan Agreement.  ECF No. 14 at ¶¶ 4-5.
13 This claim then involves a dispute between the Defendants/lender and Plaintiffs
14 relating to the Loan Agreement.  *See* ECF No. 15-1 at 3-4.  Additionally, the Court
15 agrees with Defendants' interpretation of the self-help exclusion.  *See id.* at 4.  This
16 exclusion refers to Defendants' ability to repossess Plaintiffs' car as security
17 interest, not that any disputes arising from this repossession may not be submitted
18 to arbitration.
19     Considering Plaintiffs' failure to respond and the FAA's emphasis on the
20 importance of contract, the Court grants Defendants' Motion to Compel

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT
MOTION TO COMPEL ARBITRATION AND DISMISS LITIGATION ~ 6

1  Arbitration.  ECF No. 14.  The Court does not dismiss the litigation, as the Court
2  shall stay the proceedings until the arbitration is completed according to 9 U.S.C.
3  § 3.

4  **ACCORDINGLY, IT IS HEREBY ORDERED:**

5   1. Defendants' Joint Motion to Compel Arbitration and Dismiss Litigation
6      (ECF No. 14) is **GRANTED in part** and **DENIED in part**.  The Motion is
7      **GRANTED** to compel arbitration.  The Motion is **DENIED** to dismiss
8      litigation.
9   2. The parties shall promptly institute arbitration proceedings as provided in
10     the Loan Agreement.
11  3. This action is **STAYED** pending completion of arbitration.  The parties shall
12     notify the Court **within 14 days** after completion of arbitration, dismissal or
13     settlement of the claims.

14     The District Court Executive is directed to enter this Order, furnish copies to
15  counsel and **STAY** this action.

16     **DATED** March 19, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT
MOTION TO COMPEL ARBITRATION AND DISMISS LITIGATION ~ 7